IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

GREGORY K. CLINTON,

    Petitioner,

v.                                                                                    Case No. 2:23-cv-2548-SHM-tmp

WARDEN BOWERS,

    Respondent.

---

### ORDER DENYING MOTION FOR RECUSAL

---

    Before the Court is the "Motion to Recuse US District Court Judge Samuel H. Mays, Jr and Grant Habeas Corpus Filing No. 2:23-cv-2548 and Vacate Dismiss or Expunge the Enhancements of Statu[t]e 18 USC § 922(g)(1)[,] 924(a)(2) and 924(e) in Case No. 3:17-CR-5, Count 1" ("Motion for Recusal," ECF No. 20) filed in Petitioner's closed case. For the reasons stated below, the Motion for Recusal is DENIED.

    On September 26, 2023, the Court dismissed Petitioner's § 2241 Petition for lack of subject matter jurisdiction because Petitioner challenged the validity and imposition of his sentence and failed to show that he was entitled to relief under the saving clause, 28 U.S.C. § 2255(e). (ECF Nos. 8 at PageID 55.) Judgment was entered that day. (ECF No. 9.) On October 10, 2023, Petitioner filed a motion under Fed. R. Civ. P. 59(e) to alter or amend the judgment on his habeas petition. (ECF No. 13 at PageID 76.) On October 23, 2023, the Court denied that motion and reiterated that it lacked subject matter jurisdiction over the § 2241 Petition. (ECF No. 17.)

    In his Motion for Recusal, Petitioner disputes the Court's lack of subject matter jurisdiction and attacks the Court's impartiality. (ECF No. 20 at PageID 115-16.) Petitioner makes a

conclusory allegation that the judge "tried to do a[n] 'end around' and his bias[ed] actions [are] as[s]umed to be trigge[re]d by his own motives of allowing another member of the Bar [] (Judge Gina M. Groh) to continue her tyranny in her own District." (*Id.* at PageID 116.)  Petitioner asserts that "Judge Mays wants to violate his Oath of Office by deny[y]ing Petitioner[,] a 63 year old black man his Congressional privi[le]ge of Due Process of his given 14TH Amendment right, and the Civil Rights Act 1866." (*Id.*)  Petitioner asserts that the "Judge tried to (Pass the Buck) back to Judge Groh in his 'End Around' attempt to allege that his Court did not [] the 'Saving Clause' of § 2255(e)." (*Id.*)  Petitioner contends that structural error requires reversal of his conviction. (*Id.* at PageID 116-17.)

Under 28 U.S.C § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *Decker v. GE Healthcare Inc.*, 770 F.3d 378, 389 (6th Cir. 2014).  This is an objective standard, "ask[ing] what a reasonable person knowing all the relevant facts would think about the impartiality of the judge." *In re Nat'l Prescription Opiate Litig.*, No. 19-3935, 2019 WL 7482137, at *1 (6th Cir. Oct. 10, 2019).

The only asserted bases for the Court's recusal are conclusory assertions of bias because the Court has concluded that it lacks subject matter jurisdiction under 28 U.S.C § 2241 based on the statute and relevant Supreme Court precedent.  (*See* ECF No. 8 at PageID 52-56.)  Bias or prejudice connote instances of partiality or opinions that are wrongful or inappropriate. *Liteky v. United States*, 510 U.S. at 540, 550–52 (1994); *see United States v. Liggins*, 76 F.4th 500, 506 (6th Cir. 2023).  Petitioner's only basis for recusal is his dissatisfaction with the result: the relief he seeks cannot be granted by this Court.  This is insufficient.  Relief is further inappropriate because

the district court case is over.  The Motion for Recusal is effectively moot.  *See Holden v. Atos IT Sols. & Servs., Inc.*, No. 17-3611, 2018 WL 2972436, at *1–2 (6th Cir. Apr. 20, 2018).

The Motion for Recusal is DENIED.

IT IS SO ORDERED this 8th day of December, 2023.

*/s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE